■ ANDRES BANEGAS, Appellant, v FIVE COUNTIES CARTING RECYCLING CORP. et al., Defendants, and MASTER MAGNETS, LTD., Respondent. (And a Third-Party Action.) [715 NYS2d 636] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated June 17, 1999, which granted the motion of the defendant Master Magnets, Ltd. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

The defendant Global Equipment Marketing, Inc. (hereinafter Global), acted as the exclusive distributor of a product manufactured by the defendant Master Magnets, Ltd. (hereinafter Magnets). The plaintiff was allegedly injured by a machine which contained that product, and commenced this action against Global, Magnets, and others. Magnets moved for summary judgment dismissing the complaint insofar as asserted against it, asserting that the court lacked personal jurisdiction over it. The Supreme Court granted the motion, finding that there was no jurisdiction over Magnets as a nondomiciliary under CPLR 302 (a) because Global could not be considered an agent of Magnets. We disagree.

The plaintiff need not establish the existence of a formal agency relationship between Magnets and Global (*see, Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467). Under the facts and circumstances of this case, Global was an agent of Magnets under CPLR 302 (a) and there was personal jurisdiction over

Magnets pursuant to CPLR 302 (a) (3) (ii) (*see, Kernan v Kurz-Hastings, Inc.,* 175 F3d 236). O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.